Michael A. McGill SBN 231613
mcgill@policeattorney.com
LACKIE, DAMMEIER & MCGILL APC
367 North Second Avenue
Upland, California 91786
Telephone: (909) 985-4003
Facsimile: (909) 985-3299

Attorneys for Plaintiff
KEN HARPER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN HARPER, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF ARCADIA, A Public Entity; CITY OF ARCADIA POLICE DEPARTMENT, A Public Agency; ROBERT P. SANDERSON, Individually; EDWARD P. ZAPPIA, Individually and as an Internal Affairs Investigator for the City of Arcadia; DON PENMAN, Individually; PATRICK MALLOY, Individually; and DOES 1 THROUGH 10 INCLUSIVE; <br><br> Defendants. | Case No.: CV 08-2286 MMM (MANx) <br><br> *Honorable Margaret M. Morrow* <br><br> **JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(f)** <br><br> [FRCP 26; Local Rule 26-1] <br><br> [Complaint Filed: April 7, 2008] |

### JOINT RULE 26(f) REPORT

Plaintiff Ken Harper ("Plaintiff") and Defendants City of Arcadia, Arcadia Police Department, Robert P. Sanderson, Don Penman, Patrick Malloy, and Edward P. Zappia ("Zappia") (all Defendants, collectively "Defendants"), provide the following Joint Scheduling Report following their conference of counsel pursuant to Federal Rules of Civil Procedure 16 and 26(f), the Court's Local Rule

26-1, and this Court's Order of August 25, 2008.

I. **INFORMATION REQUIRED BY FEDERAL RULES OF CIVIL PROCEDURE, RULE 26(f):**

A. Rule 26(f)(3)(A)

The parties believe that no changes shall be made in the timing, form or requirement for disclosures under Rule 26(a). Initial disclosures shall be made by all parties on or before October 19, 2008.

B. Rule 26(f)(3)(B)

Plaintiff anticipates needing discovery on the factual circumstances that led to the violation of Plaintiff's constitutional rights, including but not limited to, the internal affairs investigation.

Defendants City of Arcadia, Arcadia Police Department, Robert P. Sanderson, James Penman, and Patrick Malloy anticipate needing discovery on the factual circumstances regarding Plaintiff's claims against these Defendants. Defendants also anticipate needing discovery on the affirmative defenses to be raised by these Defendants.

Defendant Edward P. Zappia anticipates needing discovery on the factual circumstances regarding Plaintiff's claims against Defendant Zappia. Zappia also anticipates needing discovery on the affirmative defenses to be raised by Defendant Zappia.

All nonexpert discovery should be completed by **April 1, 2009**.

The parties believe that there is no reason at this time to conduct discovery in phases or in any way limit or focus discovery.

C. Rule 26(f)(3)(C)

The parties do not anticipate any issues about disclosure or discovery of electronically stored information.

D. Rule 26(f)(3)(D)

Plaintiff understands that Defendant Zappia is an attorney, although during

{00005514}2
JOINT REPORT PURSUANT TO RULE 26(f)
277212.1 AR020-034

the course of this lawsuit, was employed by the City of Arcadia to conduct an internal affairs investigation. Plaintiff will be seeking discovery as to communications and conversations between Defendant Zappia and the City of Arcadia. Plaintiff does not believe at this time that these communications are protected by the attorney-client privilege. However, this may become at issue in the future.

With respect to the discovery proposed by Plaintiff above, Zappia contends that the attorney-client privilege belongs to the City of Arcadia. Zappia further contends that the privileges for confidential peace officer personnel records set forth in California Evidence Code sections 1043 and 1045 belong to Plaintiff Harper, Sergeant Cortina and the City. Without waiving any of his rights or objections, Zappia avers that he will respond to otherwise permissible discovery provided that the City, Plaintiff Harper and Sergeant Cortina, respectively, sign appropriate written waivers of the aforementioned rights and privileges.

### E. Rule 26(f)(3)(E)

The parties believe that no changes should be made to the limitations on discovery imposed under the federal rules. The parties believe that no other limitations are needed at this time.

### F. Rule 26(f)(3)(F)

The parties do not believe that any other orders should be issued at this time under Rule 26(c) or Rule 16(b).

## II. INFORMATION REQUIRED BY LOCAL RULE 26-1 AND THIS COURT'S ORDER OF AUGUST 25, 2008:

### A. Local Rule 26-1(a) & The Court's Order

The parties agree that this case is not complex and that there is no need to utilize the Manual for Complex Litigation.

### B. Local Rule 26-1(b) & The Court's Order

All parties will likely be filing summary judgment motions and/or motions

for judgment on the pleadings. The parties believe that the court should enter a dispositive motion filing cut-off date of **June 1, 2009**.[1]

The parties believe that the court should hold a pretrial conference on **August 17, 2009** and a trial on **September 15, 2009**.

### C. Local Rule 26-1(c) & The Court's Order

The Defendants believe that it is premature to commence settlement negotiations. Plaintiff is always willing to enter into settlement negotiations, but does not see the need if Defendants are not interested.

The parties would prefer to participate in a settlement conference before the assigned magistrate judge, pursuant to Local Rule 16-15.4, Settlement Procedure No. 1.

### D. Local Rule 26-1(d) & The Court's Order

The parties' preliminary estimate of the time required for trial is 4-5 days.

### E. Local Rule 26-1(e) & The Court's Order

The likelihood of appearance of additional parties is low, unless during discovery, it is learned that additional individuals were responsible for the alleged civil rights violation.

### F. Local Rule 26-1(f)

The parties believe that expert disclosures should be made in accordance with the Federal Rules of Civil Procedure.

---

[1] The parties have agreed that any party filing a dispositive motion should provide at least 42 days notice, so that the opposing party is allotted 14 days to prepare an opposition and the moving party 14 days to reply. In addition, the parties have agreed to coordinate the hearing date so that all such dispositive motions are heard on the same date.

G.  **The Court's Order**

There are no unusual legal issues in this case.

There are no requests at this time to sever or bifurcate any issues in this case, although the parties may feel differently as this case progresses.

LACKIE, DAMMEIER & MCGILL APC

Dated: September 7, 2008          By: _____
Michael A. McGill
Attorneys for Plaintiff
KEN HARPER

LIEBERT CASSIDY WHITMORE

Dated: September 22, 2008         By: _____
Jeffrey C. Freedman
Jennifer R. Hong
Attorneys for Defendants
CITY OF ARCADIA, ARCADIA POLICE
DEPARTMENT, ROBERT P. SANDERSON,
DON PENMAN, AND PATRICK MALLOY

KELLMAN HOFFER LLP

Dated: September 22, 2008         By: _____
Daniel P. Hoffer,
Attorneys for Defendant
EDWARD P. ZAPPIA

{00005514}5
JOINT REPORT PURSUANT TO RULE 26(f)
277212.1 AR020-034